### MATHEWS vs. SANDERS AS AD.

The leading idea of the statute, (*Dig.* TITLE, *Evidence, secs.* 7 *and* 8) making the book of accounts of a deceased person, when proved to be regularly and fairly kept, evidence for his executor or administrator, is that the books of original entries shall in all cases be produced.

*Error to Dallas Circuit Court.*

Hon. J. C. MURRAY, Circuit Judge.

CURRAN, for the plaintiff.

PIKE & CUMMINS, contra. The admissibility of the proof under *sec. 7, ch. 66, Rev. St.*, was a question of competency addressed to the Court. *Churchman v. Smith*, 6 *Whart.* 146; 2 *Greenl. Ev.* 143,4; 2 *Cow. & Hill's notes*, 682, 701, which show the evidence to be competent.

Mr. Chief Justice WATKINS delivered the opinion of the Court.

In an action of assumpsit by Sanders, as administrator of Martin P. Mathews, deceased, against Ballard D. Mathews, the only evidence, offered by the plaintiff on trial in the court below, consisted of an account, made out by the intestate, proved to be in his hand writing, and found among his papers after his death.

The account was thus stated:

B. D. MATHEWS,                                                     Dr.
           To M. P. MATHEWS.
For the year 1847, April 15th.
For services rendered per self, 8½ months, at 25 dollars
           per month,                                         $212 50
For the hire of Winnason,                                      125 00
For the hire of Andrew,                                         75 00
For the hire of Sal,                                           20 00
For a grey horse let Alderson have,                            60 00
For the use of carryall,                                       15 00

                                                              $502 50

B. D. MATHEWS,                                                     Dr.
           To M. P. MATHEWS.
For the year 1848, January 1.
For services rendered per self, 7 months, at 25 dollars
           per month,                                         $175 00
10 months, hire, for Winnason and Andrew, at 10 dollars
           per month,                                          200 00

| | | |
|---|---:|---:|
| 10 months hire for Sal, at $3, | 30 | 00 |
| For the use of carryall, | 15 | 00 |
| | $420 | 00 |
| | 507 | 50 |
| | $927 | 50 |

This is the full amount due me from B. D. Mathews, that has never been settled."

Annexed to the paper, containing this account, was the affidavit of a third person, to the effect that he had seen the same in possession of the intestate before his death, and had found it among his papers immediately after his decease; and this witness also testified, and as it seemed, proved to the satisfaction of the Court, that the intestate in his life time had the reputation of keeping correct books.   Whereupon, the Court admitted the paper to be read in evidence to the jury, against the objection of the defendant, who reserved his exception, but according to the practice heretofore settled, waived it by choosing to resort to a motion for new trial, in which the improper admission of testimony is not relied upon as one of the causes assigned.   But the plaintiff moved the Court to instruct the jury, that unless they believed from the testimony, that the account read in evidence was a regular and fairly kept account of original entries of the deceased, Martin P., and that he was a person keeping running accounts for goods, wares and merchandize, or other property sold, or labor done, they should find for the defendant.   Supposing the evidence, when admitted, to be competent, though it was as clearly incompetent, as would be proof, offered in an ordinary case, by a plaintiff, of his own declarations, there can be no reason why the defendant should not have had the benefit of the instruction, which the Court refused to give though couched in the language of the statute, and more favorable for the plaintiff than it might have been.

The leading idea of the statute is, that the books of original

BB33

entries kept by the deceased person are in all cases to be pro-
duced, and may be admitted in evidence for his executor or ad-
ministrator, when accompanied by an affidavit identifying them
to be books of the testator or intestate, it being first established,
to the satisfaction of the Court, that the deceased had the reputa-
tion of keeping correct books. *Dig.*, title *Evidence, sec.* 7 *and* 8.
The account produced was well enough as a bill of particulars of
demand, if copied from a ledger, or extracted from a book of ori-
ginal entries, but it could be nothing more. As a detached piece
of paper, with the items condensed in the manner above shown,
the account itself was not an entry, or evidence for any purpose,
although that may have been the mode in which the deceased
kept his accounts. The statute contemplates that the books are
to be "regularly and fairly kept." The perfection of which is,
where the items of debits and credits against, or in favor of va-
rious persons, with whom the deceased may have had dealings
and kept running accounts, follow each other in regular order
and succession of dates, without erasure or alteration, confir-
med it may be, by being carried to the separate appropriate ac-
counts in the ledger. It may sometimes be a question for the
Court below to determine what constitutes a book of original en-
tries, or whether it is authentic and therefore competent, but
when admitted, the very appearance of it, and the manner of
keeping it would be matter of observation for the jury, who, even
if there was no opposing testimony, would have to decide upon
the weight or credibility of the evidence.

　　Being disposed, for the benefit of the estates of deceased persons,
to give a liberal interpretation to the statute, we do not wish to
be understood as intimating that a book of accounts, kept after
the manner of a ledger, would be incompetent if it be really a
book of original entries, or that the operation of the statute may
not extend to the kind of demands charged in the account here,
though from their character we could suppose that they are sus-
ceptible of being readily established by original evidence.

The judgment will be reversed and the cause remanded, with instructions, to grant a new trial, and for further proceedings according to law and not inconsistent with this opinion.