WILLIAM BAGLEY, plaintiff in error, *vs.* JOHN T. ROBERSON, defendant in error.

1. In an action of trover against an administrator, who converted the property since the death of his intestate, the verdict and judgment against the

Bagley *vs.* Roberson.

defendant are correct, and the execution describing him as administrator, following the declaration in that particular, follows the judgment, the words administrator, etc., being merely *descriptio personæ*, a description of the defendant.

2. An administrator who fraudulently converts property of another after the death of intestate, is personally liable for the *tort*.

Trover. Administrators and executors. Executions. Before Judge CRAWFORD. Chattahoochee Superior Court. March Term, 1876.

Reported in the opinion.

CARY J. THORNTON, for plaintiff in error.

BLANDFORD & GARRARD, for defendant.

JACKSON, Judge.

1. This affidavit of illegality was grounded upon the idea that as the suit was against Bagley, as administrator, and the verdict against the defendant, and judgment against defendant, and the execution against Bagley, administrator, the execution did not follow the judgment, and the verdict and judgment did not follow the declaration. But the declaration alleges that Bagley converted the property to his own use after the death of intestate; therefore the verdict against defendant, and the judgment against defendant, were right, and the execution simply told who defendant was as set out in the declaration; that is, that he was administrator, etc., but it did not command the money to be made *de bonis testatoris*, or rather of the goods of the intestate, but out of Bagley's own goods. Both the declaration and *fi. fa.*, in adding to his name " administrator," etc., merely described him: 51 *Georgia Reports*, 482, and did not at all vitiate the process or make it differ from the judgment.

2. That the judgment against him was right there can be no doubt. He converted the goods to his own use after the death of his intestate, and became personally bound: 15 *Georgia Reports*, 189.

Judgment affirmed.