## DUNLAP vs. HOOPER.

1. The suit being upon an open account, and the defense being that the goods were purchased by the defendant's father and should have been charged to him, evidence of the plaintiff's clerk that the defendant proposed to him to open an account, that the witness replied that he would see the plaintiff about it, that he did see the plaintiff who authorized him to let defendant have the goods desired, was admissible, although such authority was given in the absence of the defendant.

(a.) Had such evidence been rejected, it would not have altered the result in this case.

2. The plaintiff's books were admissible to show to whom the goods were in fact charged.

(a.) They were also admissible to show the sale of some of the goods, which was made and entries thereof written by the plaintiff himself; the books having been proved to be books of original entry and correctly kept, that the plaintiff had a clerk would not render such entries inadmissible.

(b.) Nor were they rendered inadmissible by the fact that the books had formerly been used by a firm of which plaintiff was a member, and after the retirement of the other partner, had continued to be used by the plaintiff. Nor does it matter that they were identified by a clerk, and not by the plaintiff himself.

3. Where one opened an account for groceries to be furnished to his father, the duty was upon him to notify the grocer when he refused to be longer responsible, and was not on the latter to refuse further credit without additional authority.

Evidence.   Debtor and creditor.   Contracts.   Before Judge CLARK.   City Court of Atlanta.   December Term, 1879.

Hooper sued Dunlap on an open account.   The principal point at issue was whether the goods which formed the basis of the suit should have been charged to the defendant or his father.   Among other things, the defendant testified as follows:

"Sometime in March, 1875, I went to Hooper's store, and there met Crawford, the clerk; I told him I wanted to buy a small bill of goods, for which I would settle next pay-day, which then was the first of the month.   I got some of the goods and then sent some of the family to get the others, and paid for them by sending the money through my father, which was at different times."   There was testimony to the effect that the members of the family continued to call for goods, which were charged to defendant.   Some of them were sold and charged by the plaintiff himself, others by his clerks.   The original books, identified by a clerk, were admitted, over objection of defendant's counsel, to show to whom the goods were in fact charged.   These books had been used by the former firm of Fuller & Hooper, and after Fuller's withdrawal, Hooper continued to use them.

A witness (Crawford), who was a clerk of the plaintiff, was allowed to testify, over objection of defendant's counsel, that the defendant proposed to open an account at plaintiff's store, that the witness replied that he would see the plaintiff about it, which he did, and received authority to allow the account to be opened.   This was in the absence of the defendant.

The court charged as follows, and refused to charge to the contrary:

" But if he (defendant) opened an account with plaintiff and made a settlement of payment, defendant would nevertheless be bound, unless he notified plaintiff that he would be responsible for no more, and not to continue to charge said account in his name."

The jury found for the plaintiff. Defendant moved for a new trial, and alleged the above rulings as errors. The motion was overruled, and he excepted.

E. A. ANGIER, for plaintiff in error.

H. C. ERWIN ; H. H. TUCKER, Jr., for defendant.

JACKSON, Chief Justice.

John W. Hooper brought suit against Henry C. Dunlap on an account. The main question at issue seems to have been to whom was the credit for these goods given? They were bought for the father of defendant and his family, and as alleged by plaintiff, at the special instance and request of the defendant, who directed them charged to him, which was done. On the other hand the defendant, whilst admitting that he had authorized certain goods to be so bought and charged, denied that he had authorized these to be charged to him.

Under charge of the court, the jury found for the plaintiff, and defendant excepted to the refusal of a new trial on various grounds alleged in the motion therefor.

Those grounds of error insisted on by the plaintiff in error here, will be considered by us *seriatim.*

1. The first is, that the court erred in allowing Crawford, a clerk of Hooper, to testify that Hooper told him to let Henry C. Dunlap have the groceries, it not being in the presence of Dunlap. This testimony was admissible. Dunlap had proposed to Crawford to open the account, and Crawford had told him he would see Hooper about it. and when he did see him, Hooper authorized him to open it and said to him to let Dunlap have the groceries.

Crawford swears positively that Dunlap authorized him to open the account against him; and even if the part objected to had been rejected, it would not have helped the defendant—its going to the jury did him no harm.

2. The next objection to the testimony is to the books. The court certifies that they were admitted to show to whom the credit was given when the goods were bought, by showing to whom charged at that time. Day-book and ledger were both admitted, and both showed that the goods were charged to Henry C. Dunlap. We think, with the presiding judge, that both were admissible for that purpose. Indeed the day-book was admissible to show the correctness of part of the account, the foundation being laid that it was the book of original entries, and that plaintiff kept correct books. Some of the entries were made and the goods sold by the plaintiff, and as to them it was admissible to introduce the books. It makes no difference who proved that they were the books of original entries, the clerk or his employer. Nor does it matter that the books were first used by Fuller & Hooper, and Fuller retiring, Hooper then used them.

3. Nor do we see any error in the refusal to charge as requested, and the charge as given. It was for Henry C. Dunlap, after he opened the account, to have it stopped by notice to Hooper, if he did not mean to be longer responsible, and not for Hooper to refuse to let the account go on as it began without additional authority from Dunlap. And such is the point of difference between the charge as given and as refused.

The evidence is sufficient to support the verdict, the case was fairly submitted on the main controlling question, and in such cases this court does not interfere.

Judgment affirmed.