### HINKLE v. SMITH & SON.

BECK, J. 1. The oldest item in the account sued on was of a date less than five years anterior to the filing of the suit; and the creditor being under an inhibition to institute his action against the administrator until after the expiration of twelve months from the date of the administrator's appointment, the statute was tolled for that period, and no item of the account was barred by the statute of limitations.

2. After both parties had concluded the introduction of testimony, and argument had been entered upon, it was not error for the court to disallow an amendment setting up the defense that the account sued on was barred by the statute of limitations, no evidence having been introduced that would have authorized a finding in favor of the defendant upon such plea.

3. Evidence having been introduced showing that the plaintiffs kept correct books of account, and it appearing that the entries offered as evidence were made by a member of the plaintiffs' firm, it was not error for the court to allow the introduction of the books in evidence, even though it may not have been shown that the merchant kept no clerk. *McDaniel* v. *Truluck*, 27 *Ga.* 366.

4. The overruling of defendant's objection to the introduction in evidence of the ledger kept by the plaintiffs' firm, if error, was harmless, as the entries therein only tended to prove facts already established by other uncontradicted evidence.

5. Grounds of a motion for a new trial, complaining of the admission of evidence, should state what objection was made to the evidence, and that it was insisted upon at the time of the introduction of the evidence; otherwise an exception to the overruling of such grounds is without merit.

6. The evidence demanded the verdict, and the court properly overruled the motion for new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Submitted July 18, 1906.—Decided February 14, 1907.

Complaint. Before Judge Littlejohn. Sumter superior court. October 27, 1905.

*Malcolm D. Jones* and *L. J. Blalock,* for plaintiff in error.
*Allen Fort & Sons,* contra.