## 4583.  HARPER *v.* HAMMOND & SONS.

1. That a book is kept in ledger form is not a valid objection to its ad-mission as a "book of original entries," under section 5769 of the Civil Code.
2. Even if the book offered in evidence in this case was not a book of original entries, it was properly admitted in corroboration of an ad-

mission by the defendant that he was indebted to the plaintiffs in an amount approximately the same as that claimed by them. Whether the plaintiffs' witnesses who testified to the correctness of the entries be considered as clerks or as partners, their testimony as to the correctness of the books was admissible.

3. As a general rule, the testimony of persons who have knowledge of the facts from which the books are made up is, as to those facts primary evidence, and the books themselves are admissible only by way of corroboration. The provisions of the code are designed to admit books of original entries as direct and primary evidence in cases such as those where perhaps the fact of the delivery of specific articles included in an account, or the performance of particular services, can not otherwise be definitely proved, and in similar cases.

4. The trial judge did not err in overruling the exceptions of law and of fact to the report of the auditor, and in rendering judgment for the plaintiffs.

DECIDED AUGUST 16, 1913.

Complaint—appeal; from Chattooga superior court — Judge Maddox. November 12, 1912.

*Harris & Harris,* for plaintiff in error.  *C. D. Rivers,* contra.

RUSSELL, J.  V. Hammond & Sons sued Harper in the county court of Chattooga county, upon an account, and that court rendered judgment for the plaintiffs.  On appeal to the superior court his honor Judge Maddox referred the case to Hon. J. M. Bellah as auditor, and the auditor filed a report, finding in favor of the plaintiffs an amount $13 less than their claim.  The defendant filed exceptions both of fact and of law, and the case as a whole was submitted to the judge of the superior court without intervention of a jury.  The only exception of law complains that the auditor erred in admitting the plaintiffs' ledger as a book of original entries.  The exception of fact was based upon the contention that the evidence of V. Hammond did not prove a complete admission of indebtedness on the part of the defendant, and also that in the absence of the plaintiffs' ledger, there was no evidence whatever to support the finding in favor of the plaintiffs.

1.  The testimony as to the book which the auditor admitted in evidence as the plaintiffs' book of original entries was to the effect that, while memorandum entries in pencil were made by the Hammond boys at the time of each purchase, in small memorandum books (about four by seven inches), each item was shortly thereafter transcribed upon what the witnesses called the "ledger." In no instance was there delay beyond Saturday night of each week in transcribing these items, and the only purpose of the so-called

ledger seems to have been to separate into distinct accounts the purchases made by the different tenants or croppers of the defendant. We think it is well settled that the provisions of section 5769 of the Civil Code, as to the admissibility of books of account which are books of "original entries," are not confined to mere memorandum slips, or memorandum books upon which is first entered a memorandum of a buyer's purchase. We think the trial judge rightly held, from the description of the so-called ledger, given by the witnesses, that it was a book of original entries. "The mere fact that a book is kept in ledger form is not a valid objection to its admission as a book of original entries." 9 Enc. Ev. 922; *Bush* v. *Fourcher,* 3 *Ga. App.* 43 (59 S. E. 459); *Bracken* v. *Dillon,* 64 *Ga.* 250 (37 Am. R. 70); *Hinkle* v. *Smith,* 127 *Ga.* 437 (56 S. E. 464). This principle is recognized also by courts of last resort of other States. Sanborn *v.* Cunningham (Cal.), 33 Pac. 894; Faxon *v.* Hollis, 13 Mass. 427; Swayne *v.* Cheney, 41 N. H. 232; Wells *v.* Hatch, 43 N. H. 246; Jones *v.* DeKay, 3 N. J. L. 955; Rodman *v.* Hoops, 1 Dallas (Penn.) 85 (1 L. ed. 47); Hoover *v.* Geer, 62 Pa. 136; Mathews *v.* Sanders, 15 Ark. 255.

2. We are of the opinion that the testimony of V. Hammond as to the defendant's admission of indebtedness was properly admitted by the auditor. It is true that the admission did not go to the exact amount claimed by the plaintiffs, but it included that amount; for it can be construed as an admission of a greater liability than that claimed by the plaintiffs. For this reason, even if the book tendered by plaintiffs was not admissible when it was first offered, the error was harmless and was cured by the subsequent testimony as to the defendant's admission of liability. Whether the Hammond boys be considered as clerks or as partners, their testimony was admissible; for if they be considered as clerks, the bias of interest is removed; and if they were partners in the firm of V. Hammond & Sons (it being testified that they together made all the entries), their testimony would be admissible as that of a party who kept no clerk.

3. As a general rule, the testimony of persons who have knowledge of the facts from which the books are made up is, as to the facts, primary evidence, and the books themselves are admissible only by way of corroboration. The provisions of the code are designed to admit books of original entries as direct and primary evidence in

those cases where perhaps the fact of the delivery of specific items of an account, or the performance of particular services, can not otherwise be definitely proved, and in similar cases. *Bush* v. *Fourcher,* supra; *Swift* v. *Oglesby,* 8 *Ga. App.* 544 (70 S. E. 97); *Alexander Lumber Co.* v. *Withers Foundry Works,* 9 *Ga. App.* 266 (70 S. E. 1125). As was ruled by the Supreme Court in *Hinkle* v. *Smith,* supra, the book, when taken into consideration with the testimony as to the defendant's admission of indebtedness, "only tended to prove facts already established by other uncontradicted evidence;" for the defendant withdrew all of his testimony which tended to show that he had paid the account by putting an equal amount into a business venture in Chattanooga.

4. The trial judge did not err in overruling the exceptions of law and of fact to the report of the auditor, and in rendering judgment for the plaintiffs. The only real question raised in the case was whether the auditor erred in admitting Hammond & Sons' ledger. The only parties who made entries in the book both testified fully and satisfactorily to the correctness of these entries, and the case was tried under the rule laid down by Judge Lumpkin in *Day* v. *Crawford,* 13 *Ga.* 510, where he said, "Let the clerk prove the books who made the entries in the due course of his business." Under the evidence the book which is called the ledger in this case was no more than a "day-book" or journal, from which were copied, item by item, the temporary memoranda of purchases made by the defendant's agents. Only the book of original entries is admissible in proving an account, under the provisions of section 5769, but it is the nature of the proof in relation to the book, and not the name by which the book is called, which at last must determine whether the book in question is or is not the book of original entries.                    *Judgment affirmed.*