HUTCHINSON SHOE CO. *v.* ELKO MERCANTILE CO. *et al.*

1. On the trial of an issue in the superior court as to whether two of four defendants were members of a mercantile firm doing business under a certain firm name, it was not error to admit in evidence a certified copy of an involuntary petition in bankruptcy filed in the United States district court, and the order of the referee therein adjudicating the mercantile company bankrupts, in which petition and order of adjudication it was alleged that the firm was composed of two named members (other than those denying in the present suit that they were partners), and proof of the debt now sued on by the plaintiff, in which the affidavit of proof alleged that the mercantile firm was composed of the two partners admitting themselves to be such.

2. Where in such a case the sole issue was whether two of the four defendants sued were partners of the others, relatively to the plaintiff, it was not error for the court to instruct the jury that the question in the case was "partnership or no partnership," and whether the defendants were members of the firm sued at the time the goods were bought, or were not.

3. In instructing the jury as to what constitutes a partnership relatively to third persons, it is not error to instruct them in language which substantially follows the definition contained in the Civil Code, § 3158.

4. The remaining assignments of error complain of the giving of certain charges by the court to the jury, and are without merit. The court did not err in refusing a new trial.

FEBRUARY 11, 1915.

Complaint. Before Judge Mathews. Houston superior court. October 28, 1913.

*F. Chambers & Son, H. E. Coates,* and *Payne & Jones,* for plaintiff.

*John P. Ross, A. C. Riley,* and *Wallace Miller,* for defendants.

HILL, J. The Hutchinson Shoe Company brought suit against the Elko Mercantile Company, alleging that it was a partnership composed of E. B. Davis, A. C. Pate Jr., L. L. Henderson, and E. P. Kezar, and that the defendants were indebted to the plaintiff a stated sum on two promissory notes and on an account, besides interest and attorney's fees due on the notes, which sums the defendants refused to pay. Two of the defendants, L. L. Henderson and E. P. Kezar, separately defended on the grounds, that they were not members of the partnership doing business under the name of the Elko Mercantile Company, and never had been; that the notes sued on were never executed by them, nor by any one authorized by them; that the Elko Mercantile Company was a partnership composed of E. B. Davis and A. C. Pate Jr., and they as

individuals were, on the 24th day of October, 1910, adjudicated bankrupts in the district court of the United States for the southern district of Georgia, on a petition filed by certain creditors of the partnership, in which petition it was alleged that the Elko' Mercantile Company was a partnership composed of E. B. Davis and A. C. Pate Jr.; that the Hutchinson Shoe Company, plaintiff in the instant case, with full knowledge of the bankruptcy proceedings and of the fact that the Elko Mercantile Company, as a firm composed of Davis and Pate Jr., had been adjudicated bankrupts therein, filed its proof of debt in the bankruptcy proceedings and collected and received from the trustees of the bankrupts a dividend on its debt; that in its proof of debt so filed the plaintiff averred that it was a creditor of the Elko Mercantile Company, a partnership composed of E. B. Davis and A. C. Pate Jr., who had been adjudicated bankrupts in the bankruptcy proceedings; and that the debt proved by the plaintiff in these proceedings is the identical debt on which suit in the instant case is predicated. Wherefore it was averred that the plaintiff was estopped from denying that the Elko Mercantile Company was a partnership composed of E. B. Davis and A. C. Pate Jr., and was bound by its declaration on oath to the effect that the defendants Henderson and Kezar were not members of the Elko Mercantile Company, on which declaration the plaintiff received a dividend from the estate of the bankrupt. Henderson defended on the further ground that at the time of the existence of the alleged partnership, and at the time the debt sued on is alleged to have been contracted, he was a minor, and that he never entered into any contract or partnership as alleged in the declaration, or contracted the debt sued on; and if he ever entered into such contract, which he denies, he is not bound by it, because of his minority. The jury returned a verdict in favor of the defendants. A motion for a new trial having been overruled, the plaintiff excepted.

1. On the trial of the case a certified copy of an involuntary petition in bankruptcy filed against the Elko Mercantile Company in the district court of the United 'States for the southern district of Georgia, and the order thereon of the referee, adjudicating the Elko Mercantile Company bankrupts, in which petition and order of adjudication it was alleged that the firm was composed of E. B. Davis and A. C. Pate Jr., and proof of the debt now sued on by

the Hutchinson Shoe Company, in which affidavit of proof it was alleged that the firm so adjudicated bankrupts was composed of E. B. Davis and A. C. Pate Jr., the affidavit following the petition and order of adjudication, were admitted in evidence over the objection of the plaintiff. This evidence was objected to on the ground that it was irrelevant and did not illustrate or throw any light on the case; and because the proof of claim was made for the benefit of the defendants, the dividend received going as a credit on the claim, thereby inuring to the benefit of the defendants. This evidence was not inadmissible for any of the reasons assigned. On the contrary, we think the evidence was admissible as a quasi or informal admission, though subject to explanation or rebuttal. Statements made in an affidavit by a party to a case in court are competent as such admissions, and will be received in another cause where the party against whom the admission is offered is a party. 2 Cham. Mod. L. Ev. § 1272; 2 Wig. Ev. § 1058.

2. The court charged the jury as follows: "As I stated, gentlemen of the jury, the question in this case is partnership or no partnership. Were these defendants members of the firm at the time the goods were bought, or were they not? That is the question that you are to pass upon." The criticism on this charge is that it restricted the inquiry by the jury too narrowly, and precluded a consideration of the theory that the defendants were holding out to the world and creditors that the defendants would incorporate and do business in the corporate name, and prior to incorporation had rendered themselves liable to creditors as partners. This contention is without merit. The charge correctly and clearly stated the issue. The evidence for the defendants tended to show that they had run notices in the papers in April, before this contract was executed in July, declaring that they were not partners, and that there was no incorporation. This was the sole issue, and the trial judge clearly stated it.

3. It was not error on the trial for the court to charge the jury: "You are familiar with what is known ordinarily as a partnership mercantile business, and it is not necessary that I should go into details as to that. It is necessary, however, that all the partners should have a common interest in the profits and losses, joint interest in the profits and losses, or a joint interest in the capital stock." This charge is substantially in the language of the Civil

Code, § 3158, defining what a partnership is, relatively to third persons, and is not subject to the criticism that it does not correctly state what constitutes a partnership as to third persons. For an elaborate discussion of what constitutes a partnership, see the opinion of Mr. Justice Lumpkin in the case of *Floyd* v. *Kicklighter*, 139 *Ga.* 133-135 (76 S. E. 1011).

4. The other assignments of error, complaining of certain instructions given the jury by the court, are without substantial merit, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*