13435.  JEWELL-LOUDERMILK CO. *v.* PALMOUR HARDWARE CO.

STEPHENS, J.  1. In a suit against a partnership for the value of merchandise alleged to have been sold to it by the plaintiff, evidence that certain of the goods were sold and delivered to one member of the partnership is not conclusive that they were sold to him individually and upon his own individual account. Since an individual member of a partnership is an agent for the partnership, and may under certain circumstances bind the partnership by his acts, and since merchandise bought by him and delivered to him personally may be bought through him acting within the scope of his authority as agent for the partnership, evidence of a sale and a delivery of goods to such a partner is relevant, in a suit against the partnership, as being corroborative of other evidence to establish liability against the partnership for the value of the merchandise so delivered.  Civil Code (1910), § 3180.

2. Where the evidence is sufficient to authorize the inference that individuals other than members of the partnership were its agents in the purchase of certain articles sold and delivered to them, evidence of delivery to such persons was not irrelevant upon the ground that the individuals named as the persons to whom the goods were delivered were not the agents of the partnership, and that delivery to them of the articles was not delivery to the partnership.

3. In a suit by a merchant on open account, where there is evidence of the correctness of the account sued on, based upon entries on the merchant's books, a page from the ledger containing the account, and evidence of a customer of the plaintiff to the effect that the plaintiff usually kept correct books, are each relevant as corroborative of the correctness of the account.  See, in this connection, *Bush* v. *Fourcher*, 3 *Ga. App.* 43 (3) (59 S. E. 459).

4. While a member of a partnership is an agent of the partnership and binds it by his acts in the transaction of business for the partnership, or when his acts are ratified by the partnership, he may still deal in his individual capacity and make contracts for himself which are not binding upon the partnership. It follows, therefore, that a sale by a merchant to one who is a member of a partnership is not necessarily a sale to the partnership through such member as agent, even though the merchant may charge the goods to the partnership, when the partner at the time is not acting for the partnership or within his actual or apparent authority as agent for the partnership, and where it does not appear that his act was ratified by the partnership or that the goods purchased by him went to the benefit of the partnership. A charge by the court, therefore, in a suit against the partnership, that the " plaintiff can not recover for any items in their account as against the Jewell-Loudermilk Company [the defendant] until they have shown you by a preponderance of the evidence that that item was purchased by the company,— that is to say, *by one of the members of the firm* [italics ours], or by some one who was authorized by the company to purchase the same for them," was error, in that it instructed the jury that a purchase, without more, by a person who was a member of a partnership was sufficient to bind the partnership by such partner's act.  (JENKINS, P. J., dissents.)

5. There being an issue in the case as to whether some of the articles sued for were purchased by the individual members of the partnership as agents for the partnership or for themselves individually, the court further erred in nowhere instructing the jury that the partnership would not be liable for the individual debts of its members. (JENKINS, P. J., dissents.)

*Judgment reversed. Bell, J., concurs. Jenkins, P. J., dissents.*

DECIDED FEBRUARY 27, 1923.

Complaint; from city court of Hall county — Judge Sloan. February 11, 1922.

*W. V. Lance, Pearce Matthews,* for plaintiff in error.

*J. O. Adams, Howard Thompson,* contra.