18569. COMMERCIAL CREDIT COMPANY OF GEORGIA
v. TOMPKINS.

DECIDED JULY 13, 1928. REHEARING DENIED SEPTEMBER 1, 1928.

*W. M. Lester, Peebles & Bowden,* for plaintiff in error.
*Paul T. Chance,* contra.

BELL, J. U. H. Tompkins and A. J. Connell, trading as Tompkins-Connell Motor Company, sued out an attachment for $639.45 against Commercial Credit Company, on the ground that the alleged debtor was "a nonresident corporation." Garnishments were issued and served on P. H. Clark and Mrs. J. R. McCarthy. Mrs. McCarthy made her answer within the time required. Clark had not answered at the time of the trial which resulted in the verdict now complained of. The answer of Mrs. McCarthy was to the effect that on or about August 11, 1926, she bought of the Foreman Motor Company, of North Augusta, S. C., a certain automobile which she was to pay for in monthly installments of about $40 each,

and that before the first installment was due she was notified by "Commercial Credit Company" of the maturity of that installment, and has received like notices as to the maturity of all succeeding installments; and that while she has made her payments to Commercial Credit Company, she is unable to say whether she is indebted to that company or Foreman Motor Company. She set out that from the time of the service of the summons and the time of her answer she had become indebted in the sum of $80.50 to one or the other of these companies, the same being the installments for two certain months stated, but that she was not otherwise indebted.

Later on, "Commercial Credit Company of Georgia" filed a claim to "said funds in the hands of said garnishees," and, by giving a bond, dissolved the garnishments. The issue tried in the court below was whether the funds sought to be garnished were due to Commercial Credit Company, as defendant in attachment, or to Commercial Credit Company of Georgia, as claimant.

The jury returned the following verdict: "We, the jury, find the issues in favor of plaintiff, and that the amount due by garnishee at time of service of garnishment be applied to this debt, to wit: $995.95." Commercial Credit Company of Georgia, claimant, has brought the case to this court upon exceptions to the overruling of its motion for a new trial.

Counsel have argued a number of questions which we deem it proper not to decide, in view of the condition in which we find the record. We will pass upon the one question of whether there was evidence to support the verdict,—a question which, in our opinion, should be answered in the negative. Treating all the proceedings as regular and assuming that in all other respects the verdict is a legal one, the evidence shows without dispute that the indebtedness of P. H. Clark was to Commercial Credit Company of Georgia, and not to the defendant in attachment, and that, while Mrs. McCarthy was indebted to "Commercial Credit Company, Baltimore, Maryland," which might, perhaps, have been the defendant in attachment, the amount of such indebtedness did not exceed $483, a sum much less than the amount of the verdict against the claimant.

The plaintiffs have obtained a verdict against the claimant for $995.95, whereas in no view of the evidence would it sustain a finding of an indebtedness by either or both of the garnishees to the

defendant in attachment of more than $483. It follows that the verdict in the amount stated is unsupported, and for that reason should have been set aside on the claimant's motion for a new trial.

We can not agree with counsel for the defendants in error that the verdict should stand because it appeared that the claimant was either identical with, or the agent of, the defendant in attachment. Whatever might have been the effect of either of these facts if shown, the plaintiffs have alleged that the defendant in attachment is a corporation which is a nonresident of the State of Georgia. By this allegation they are bound. *New Zealand &c. Ins. Co.* v. *Brewer,* 29 *Ga. App.* 772 (6) (116 S. E. 922). The evidence showed without dispute that Commercial Credit Company of Georgia is a corporation duly created under the laws of this State. There was proof of an interlinking of these companies in the handling of their business, including the fact of common officers or agents, but it indisputably appeared that Commercial Credit Company of Georgia was, as to the matters involved in this case, transacting business in its own name, and, under the evidence, it could not have been found as a matter of fact that the indebtedness of P. H. Clark to this company was an indebtedness to the defendant in attachment, which, according to the plaintiffs' own allegations, was a corporation not residing in Georgia, and thus an entirely distinct entity from the other company.

We have carefully examined the record and have found no point upon which we can say that the judgment ought to be affirmed.

*Judgment reversed. Jenkins, P. J., and Stephens; J., concur.*

### ON MOTION FOR REHEARING.

BELL, J. In view of the motion for rehearing, we have concluded that certain statements in our original opinion were irrelevant, and we have accordingly amended the opinion by striking these statements. The above is the opinion in its original form with the exception of such changes as have been made merely by omission.

In the motion for rehearing it is contended that this court, in reaching its conclusion that the judgment should be reversed, has overlooked a certain agreement or stipulation which was made between the attorneys in open court, at the close of the evidence upon the trial in the court below, and which is shown in the brief of evidence. We did not overlook this agreement as it thus appears in

the record, but we confess to having misapprehended its true effect and import. It seems that the parties, through their attorneys, agreed that the aggregate amount of the indebtedness of the two garnishees was $995.95, and that the sole question for determination was whether this amount was due to the defendant in attachment, "Commercial Credit Company," or to claimant, "Commercial Credit Company of Georgia." The following form of verdict was prepared for the convenience of the jury: "We, the jury, find the issues in favor of ————————, and that the amount due by garnishee at time of service of garnishment be applied to this debt, to wit: $995.95;" the intention being that the jury should determine from the evidence whether the blank should be filled in by writing the word "plaintiff" or the word "claimant".

We call attention to the fact that the names of the defendant and the claimant are similar and yet not identical, the name of the latter being the same as the former plus the words "of Georgia".

As we now view the case, we think the only issue for determination was whether these parties were identical or their relation was such that for the purposes of this case an indebtedness to the one was an indebtedness to the other, the contention of counsel for the defendant in error being that the claimant "was merely a branch office or agent of the defendant". Upon this question we are still of the opinion that there was no evidence to authorize an inference of the identity of these parties or of such a relationship between them as would make an indebtedness to one the same as an indebtedness to the other.

In the motion for rehearing is the assertion "that the sole and only issue submitted to the jury was whether all of the funds in the hands of both garnishees belonged to the claimant, or whether all the funds in the hands of both garnishees belonged to the defendant." If a determination of this issue should pass from the question of the relationship or identity of the parties as just referred to, it would necessarily involve an examination of the evidence for the purpose of ascertaining to whom the garnishees were indebted. The evidence fails to show that "all the funds in the hands of both garnishees belonged to the defendant," but shows without dispute that the indebtedness of Clark was to Commercial Credit Company of Georgia, the claimant, and not to the defendant in attachment.

Counsel for the defendant in error has suggested that we might dispose of the case without a reversal, by affirming the judgment on condition that the defendant in error write off or strike from the recovery all in excess of $483, the amount of the indebtedness of Mrs. McCarthy. In order to give this direction to the case, it would be necessary to hold that the evidence authorized a finding that this indebtedness was due to the defendant in attachment; that is, that Mrs. McCarthy's creditor, "Commercial Credit Company, Baltimore, Maryland," was the same person as "Commercial Credit Company," the nonresident defendant in attachment. Without determining whether the evidence would authorize this conclusion, we are constrained to decline the suggestion as to such conditional affirmance,—this because it appears from the record that other cases in the court below are dependent upon the final result of the present case, and a "dog fall" in this court might tend to confusion in the construction and enforcement of such agreements. We think it best that the case be disposed of by an unconditional reversal in order that the trial court may take such further proceedings as may be proper in the light of the rulings herein made, and without embarrassment from any split judgment by this court.

It is stated in the motion for rehearing that this court by its judgment of reversal "separated that which the parties to this case made inseparable by an agreed form of verdict." In view of this statement we think the defendant in error can not complain because we let the judgment of the court below stand or fall as a whole, although, in proper cases, judgments may be affirmed by permitting the plaintiff to write off an unauthorized portion of his recovery.

*Rehearing denied. Jenkins, P. J., and Stephens, J., concur.*