Ansley *vs.* Green.

On the one legal question submitted, the judge below decided correctly.

Judgment affirmed.

ANSLEY *vs.* GREEN.

```
82   181
92   648

82   181
112  436

82   181
116  553

82   181
126  431
e126 793
```

1. When a bid at a sale of real estate by auction was accepted by the auctioneers, they became the agents of the bidder, and were authorized to make an entry of the sale on their books which would bind him. An entry giving the name of the lot sold, the name of the seller or owner, the date, the name of the purchaser and the price, would be a sufficient entry to go to the jury; and parol testimony would be admissible to explain any ambiguity therein.

2. Where personal or real property has been exposed for sale and sold at public auction, and the purchaser has refused to comply with his bid, the vendor may maintain an action for-damages.

(a) As to whether the proper measure of damages is the difference between the price bid and the price obtained at a second sale at bidder's risk, or the difference between the price at the first sale and the true market value of the property at the second sale, is a question upon which the authorities differ; and the question of the measure of damages, not being argued in this case, is not decided.

3. The suit was brought in the name of Mrs. Alice M. Ansley, while in the memorandum of sale the name of the owner was stated to be "Mrs. Frank J. Ansley," but plaintiff may be allowed to show by parol that "Frank J." was the name of her husband, and that the words "Mrs. Frank J." were applied to her in the memorandum, and that she was the real owner of the land.

November 5, 1888.

Sales. Ambiguities. Principal and agent. Statute of frauds. Vendor and purchaser. Damages. Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1888.

Reported in the decision.

CANDLER, THOMSON & CANDLER, for plaintiff.

HULSEY & BATEMAN, for defendant.

SIMMONS, Justice.

This was an action brought by Mrs. Ansley against Green for damages, wherein she alleged that on the 22d of May, 1886, through her agents, Frierson & Scott, auctioneers, she exposed for sale at public outcry, to the highest bidder, a certain house and lot in the town of Decatur, described in the declaration; that the terms of sale were published and announced at the sale, before the bidding commenced; and that the property was then and there sold to H. H. Green, for the sum of $2,475, he being the highest and best bidder; that when said Green made his bid, he had in his hands one of the printed hand-bills distributed at the sale, giving notice thereof and describing the property and terms of sale (a copy of which hand-bill is made a part of the declaration); that said bid was accepted by said auctioneers and agents of the plaintiff, and an entry and memorandum thereof then and there made on their books of sale as follows: "Lovely Decatur home; Mrs. Frank J. Ansley, May 22d, 1886; Dr. Green, $2,475." The declaration further alleged that after the property was knocked down to said Green as aforesaid, he refused to comply with the terms of the sale; whereupon the plaintiff gave him notice that unless he did comply therewith, she would proceed to resell the property at his risk; and the defendant still refusing to comply with his contract, she did, within a reasonable time thereafter, to wit, on the 2d day of August, 1886, after proper advertising and notice to Green, proceed to resell the property; that said last sale was a fair one, and that the property was bid off by one Crocke't, he being the highest and best bidder, for the sum of $1,825, being $650 less than Green had contracted to pay therefor.

To this declaration, the defendant filed the following

demurrer : (1) that said declaration on its face shows only a parol agreement, if it shows any agreement at all, as to the sale of said property, and that it does not set up or show anything that takes the case out of the statute of frauds ; (2) such suits can only be maintained against bidders at judicial sales, and the declaration does not show that this was a judicial sale. The court sustained the demurrer upon the first ground. The plaintiff excepted and assigned error thereon.

1. We think the court erred in sustaining the demurrer. When Green's bid .was accepted by the auctioneers, they became his agents, and were.authorized to make an entry of the sale in their books which would bind him. The entry they made gave the name of the lot which had been sold, to wit, "lovely Decatur home," and stated the name of the seller or owner, the date, the name of the purchaser, and the price. Under the ruling of this court in the case of *Mohr vs. Dillon,* 80 *Ga.* 572, this memorandum was sufficient to go to the jury, and parol testimony would have been admissible to explain any ambiguity therein, if there was any. It is due to the able and learned judge in the court below to say that this decision had not been pronounced when his judgment in this case was rendered. See also, upon this subject, Bateman on Auctions, 153, and illustrations and cases cited.

2. But it was argued by counsel for the defendant in error that while the decision of the court below, in sustaining the demurrer on the first ground, may have been erroneous, yet if the demurrer could have been sustained on the second ground, the judgment should be affirmed by this court. And he contends that the judge below ought to have sustained the demurrer upon the second ground, to wit, that such a suit as this can only be maintained against a bidder at a judicial sale. We do

not think the demurrer could have been sustained on this ground. It is well-settled that where personal or real property has been exposed for sale and sold at public auction, and the purchaser has refused to comply with his bid, the vendor may maintain an action for damages. Bateman on Auctions, 195 and notes; Addison on Cont. §528; Wood's Mayne on Damages, 282 and authorities there cited; Sedgwick's Lead. Cas. on Meas. of Damages, 230, (Gordon *vs.* Norris, 49 N. H. 376); see also Old Colony R. R. *vs.* Evans, 72 Mass. 25, Sedg. L. C. 34.

While this suit appears to be for the difference between the amount bid at the first sale and the amount which it brought at the second sale, the question of the measure of damages was not argued before us. Upon this subject the authorities seem to differ, some holding that the proper measure of damages is the difference between the price at the first sale and the second, and others holding that it is the difference between the price at the first sale and the true market value of the land or goods at the second sale; but on this subject we express no opinion, as it was not argued before us.

3. It was also argued by counsel for the defendant in error that the court did right to sustain this demurrer, because the declaration was brought in the name of Mrs. Alice McPherson Ansley, while in the memorandum of sale the name was " Mrs. Frank J. Ansley." It is very likely that the name in the memorandum was that of her husband; and if that is so, we think it could be explained by parol, and that she would be allowed to show that Frank J. Ansley was the name of her husband, and that the words "Mrs. Frank J." were applied to her in the memorandum, and that she was the real owner of the land exposed for sale.

Judgment reversed.