ROBERSON v. ROCHESTER FOLDING BOX CO. et al.

(Supreme Court, Appellate Division, Fourth Department. January 14, 1902.)

1. APPEAL—COSTS.

Under Code Civ. Proc. § 3251, subd. 4, providing that $40 shall be taxed as costs for the argument on an appeal in the appellate division, a party is entitled to such an allowance for a reargument ordered by the appellate division, and heard after another judge has become a member of the court.

2. SAME.

The court has no discretion to change the amount of such allowance as fixed by the statute.

Appeal from special term, Monroe county.

Action by Abigail M. Roberson, an infant, by her guardian ad litem, Margaret E. Bell, against the Rochester Folding Box Company and another. From an order of the special term of the supreme court disallowing $40 costs for the reargument of an appeal in the appellate division, the plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Milton E. Gibbs, for appellant.
Elbridge L. Adams, for respondent.

SPRING, J. The defendant interposed a demurrer to the complaint, which was overruled. An appeal was taken to this court, and an oral argument had, and the case submitted at its last March term. The court convened, and handed down its list of decisions April 30th. This case was not decided at that time, but a reargument was ordered. Justice Laughlin, who was a member of this court when the appeal was first argued, and also when the reargument was ordered, was designated to the First department of the appellate division, and severed his connection with this department on April 30th. The appeal was placed on the calendar and reargued at the May term of this court, at which term Justice Rumsey was sitting by designation in the place of Justice Laughlin. In addition

to the briefs used on the former argument, the defendant on the second argument presented and submitted a reply brief.   The order was affirmed (72 N. Y. Supp. 1125), Justice Rumsey writing for the court, and the contention of the plaintiff respondent is that he is entitled to tax $40 for the argument made pursuant to the order of the court as well as for that made at the March term.

We believe his position is correct.   In Guckenheimer v. Angevine, 16 Hun, 453, a motion for a new trial was made at special term on a case after a verdict for the plaintiff, and the justice sitting heard the argument, but did not decide the motion, and ordered it to be heard before another justice at a subsequent term, who heard the argument and denied the motion.   The clerk, in taxing the costs, allowed the plaintiff two argument fees, one of which was stricken out by the special term.   The order was reversed by the general term, and, after discussing another question, the court say:

"And on the merits we are of the opinion that the plaintiffs were entitled to the argument fee given by statute for each argument.   It does not appear that the necessity for a reargument was caused by any act or omission on their part, and, two arguments having been in fact made, we think the items were properly taxed."

That case is closely analogous to the present one, and is decisive of it.   In each the reargument was made without the fault of the party eventually successful and upon the order of the court.   In each case the attorney made the argument and did the work which entitled him to the compensation prescribed.   In Miller v. King, 32 App. Div. 349, 52 N. Y. Supp. 1041, a reargument was ordered upon the motion of the unsuccessful party after decision by the general term, and on the reargument a new trial was granted, the plaintiff again succeeding upon the new trial, and the appellate division held that he was entitled to tax costs for both arguments, and quote with approval the extract given above from the Guckenheimer opinion.

Section 3251 of the Code of Civil Procedure, in providing the rates at which costs are to be awarded in subdivision 3, allows "for the trial of an issue of fact  *  *  *  thirty dollars."   The party ultimately successful is entitled to a trial fee for every trial had.   In Cregin v. Railroad Co., 19 Hun, 349, the first trial was before a justice of the city court of Brooklyn and a jury, resulting in a verdict for the plaintiff.   Before the entry of judgment it was discovered that the judge who presided at the trial was disqualified from sitting, and another trial was thereupon had, and another verdict rendered for the plaintiff, and an appeal was taken from an order of the special term allowing two trial fees to be taxed in favor of the plaintiff.   The general term in affirming the order say:   "The disqualification of the trial judge was an irregularity which prevented the entry of judgment, but it cannot deprive the successful party of his costs."   While the language of this subdivision does not provide for a trial fee for each trial, yet the cases seem to be uniform in holding that for every trial, whatever may be the cause which induced it, except possibly the fault of the party seeking costs, a trial fee is allowed.   This rule prevails, even though the trial is an inquest (Candee v. Jones, 13 Civ. Proc. R. 160; Wessels v. Carr [City

Ct. N. Y.] 6 N. Y. Supp. 535); or a default taken at a trial term (Lennon v. MacIntosh, 19 Abb. N. C. 175); or where the case is dismissed where the case is regularly called and the plaintiff fails to appear (Van Gelder v. Hallenbeck [Sup.] 2 N. Y. Supp. 252); and even if the jury were discharged after the evidence by reason of the misconduct of a juror (Hamilton v. Butler, 30 How. Prac. 36). When costs are fixed by statute, there is no discretion in the court to alter the amount of any item from the statutory rate. Downing v. Marshall, 37 N. Y. 380.

The language of subdivision 4 of this section, in providing for costs to be awarded the successful party after an appeal to the appellate division, is, "for argument, forty dollars," following the wording of the preceding subdivision, and by analogy the party who eventually wins out in this lawsuit should be allowed the stipulated fee for every argument he is compelled to make. The theory of the allowance is that it is compensation for services rendered in performing the precise labor covered by the award. Whether this is done at the instance of the court by reason of the disqualification of one or more of its members, or because of an even division of the court as constituted at the time of the argument, and on account of a change in the personnel of the court, an opportunity is given to break the deadlock, or whatever may be the reason, as long as no blame attaches to the party claiming costs it seems clear that he is entitled to receive the sum fixed as the measure of his pay for that specific work. Certainly in the present case we can see no reason for departing from this rule. The reargument was ordered by this court, the case was regularly on the calendar for the succeeding term, and the second oral argument was not a perfunctory one, for Justice Rumsey first became a member of the court that term, and the argument de novo was proper for his enlightenment. We therefore conclude that the order should be reversed, with $10 costs and the disbursements of this appeal, and the motion to strike out one argument fee denied, with $10 costs.

Order reversed, with $10 costs and the disbursements of this appeal, and the motion to strike out one argument fee denied, with $10 costs. All concur, except ADAMS, P. J., not voting.