## WOOD *v.* MARTIN.

1. Properly characterized, the action in the present case was founded upon the contract a copy of which was attached to the plaintiff's petition ; and that contract, rightly construed, was that of a member of the alleged partnership, and not of the partnership itself.

2. An action is not maintainable against a partnership upon the individual contract of a member thereof, although he therein binds himself to pay to the other party to such contract a specified proportion of the net profits of the partnership during a stated period.

Submitted March 1, — Decided April 2, 1902.

Complaint.    Before Judge Nottingham.    City court of Macon. July 28, 1900.

*M. Felton Hatcher*, for plaintiff in error.
*Hardeman, Davis, Turner & Jones*, contra.

FISH, J.    E. L. Martin filed the following petition in the city court of Macon: " E. L. Martin brings this petition against Bryan H. Edwards and Lewis A. Wood, both of said county of Bibb, and showeth the following facts: 1st. That the said Bryan H. Edwards and Lewis A. Wood are copartners, doing business under the firm name and style of B. H. Edwards.    2nd. On the 23rd day of November, 1899, your petitioner loaned to said firm one thousand dollars ($1,000.00) from said 23rd day of November, 1899, to the 1st day of March, 1900, to be used by said copartners in the firm business, which was that of manufacturing staves, barrels, boxes, etc.    3rd. Your petitioner shows that said one thousand dollars ($1,000.00) was used by said firm in said business, and said firm received the benefit thereof.    4th. At the time of making said loan said firm made a contract, a copy of which is hereto attached as a part of this declaration, with your petitioner, in which they agreed and undertook to pay back to your petitioner said sum of one thousand dollars ($1,000.00) by the first day of March, 1900, and one third of the net profits which should arise from said business, and guaranteed that one third of said net profit would amount to as much as eight per cent. per annum on the loan made to said firm by your petitioner as shown in said contract.    5th. Your petitioner showeth that said firm refuses to pay to your petitioner said sum of one thousand dollars ($1,000.00) and the eight per cent. interest due thereon, though often requested so to do.    Wherefore petitioner prays that process issue, directed to said firm, B. H. Edwards, and to the members composing said firm, to wit: Bryan H. Edwards and Lewis A. Wood, requiring them to be and appear at the next city court to be held in and for said county, then and there to answer petitioner's complaint."

The copy of the contract attached to the petition was as follows: " Georgia, Bibb County. This indenture made this day entered into by and between E. L. Martin, party of the first part, and Bryan H. Edwards, party of the second part, both of said State and county, witnesseth that said Martin, upon his part, agrees to furnish said Edwards the sum of one thousand dollars ($1,000.00) at the time of signing this instrument.   Said Edwards, upon his part, agrees to return to said Martin on the 1st day of March, 1900, said principal sum of one thousand dollars, and to pay said Martin, for the use thereof, one third of the net profits of the business of the firm of said Edwards in the manufacture of staves, heads, barrels, and boxes; that is to say, one third of whatsoever the net profits shall amount to from the first day of December, 1899, to said March 1st, 1900, said Edwards guaranteeing that said one third of the net profits shall amount to at least the rate of 8% per annum on said $1,000, and agreeing, in the event the same should not amount to 8%, to make good the deficit; it being hereby agreed that an inventory shall be taken on December 1st, 1899, of the assets and liabilities of said business, and monthly thereafter up to and including said March 1st, 1900, a monthly statement of said business shall be rendered to said E. L. Martin.   It is further agreed that at any and all times said Martin shall have full access to the books and properties of said business, and shall have the right and full opportunity to inspect and examine same at any time up to and including said date, and until a full and final settlement is had between the parties hereto.   In the event of suit or litigation, said Edwards agrees to pay 10% attorney's fees.   To better secure the obligation herein of said Edwards to said Martin, said Edwards does hereby bargain, sell, and convey to said Martin the following described property, fully warranting title to the same, to wit: seven hundred and sixty (760) cords of pine and oak cord wood, now cut and corded on the lands of H. S. Edwards, which said H. S. Edwards recently purchased from the R. M. Patterson estate, said land lying in Bibb county, and about one quarter of a mile from Swift Creek Station, also, upon the above-described lands, one thousand cords of pine and oak wood, now uncut and standing upon the stump.                              E. L. Martin (L. S.)

" Signed, sealed, and delivered,              B. H. Edwards (L. S.) this Nov. 23rd, 1899.   Witness, Hope Polhill."

Wood demurred to the petition, on the ground that it set forth no cause of action against him, but showed on its face that it was a suit against Bryan H. Edwards on his individual contract. The demurrer was overruled, and Wood filed exceptions pendente lite. The case was tried upon its merits, and the court directed a verdict for the plaintiff against the defendants; to which ruling Wood excepted by direct bill of exceptions, in which he also assigned error upon his exceptions pendente lite. In our opinion, the judge erred in not sustaining the demurrer. The petition, construed most strongly against the pleader, is an action upon the written contract attached thereto as an exhibit. From the allegations of the first, second, and third paragraphs of the petition, it appears that, on November, 23, 1899, the plaintiff loaned to the firm of B. H. Edwards, composed of Bryan H. Edwards and Lewis A. Wood, the sum of one thousand dollars until the first of March, 1900, to be used in the business of such firm, and that the money was so used. So far, no purpose on the part of the plaintiff to sue upon a written contract is indicated. But there is no allegation here that, in consequence of this loan, any indebtedness is still due by the firm to the plaintiff, nor is there any allegation that the loan has not been repaid, nor is the matter of interest mentioned. So far as appears from these paragraphs, the debt created by the loan might have been all paid. Consequently these paragraphs, standing alone, set forth no cause of action. The fourth paragraph avers that at the time of making the loan such firm entered into a contract with the plaintiff, a copy of which is attached to the petition, by the terms of which the firm agreed to pay the plaintiff the one thousand dollars by March 1, 1900, and one third of the net profits which should arise from the business of the firm, which it guaranteed would amount to as much as eight per cent. per annum on the loan. Then the fifth paragraph alleges that the firm refuses to pay to the plaintiff said sum of one thousand dollars and the eight per cent. interest due thereon, though often requested so to do. Here is the only place in the petition where any indebtedness to the plaintiff is even inferentially alleged, and that indebtedness is "one thousand dollars *and the eight per cent. interest due thereon.*" The "one thousand dollars and the eight per cent. interest due thereon," is the debt for which the plaintiff sues, and this debt arose out of the written contract, and could only be recovered by suing upon such contract.

Without this written contract, there would be no agreement, shown by the petition, to pay eight per cent. interest, and certainly none could be implied from the allegations of fact which do not refer to this written contract.　Where a plaintiff sues for interest at the rate of eight per cent. per annum, he must, in order to recover the same, set up a written agreement in which the debtor agrees to pay interest at such rate.　The plaintiff in this case sets up a written contract in which the borrower agreed to pay at least eight per cent. interest.　He seeks to recover the principal sum loaned and the eight per cent. interest thus agreed to be paid.　Hence his suit must be based on the written contract.　Being based upon such contract, it was subject to the demurrer thereto urged by the defendant Wood.

The written instrument in question begins with the recital that it is "entered into by and between E. L. Martin, party of the first part, and Bryan H. Edwards, party of the second part." Then, "Said Martin, upon his part, agrees to furnish said Edwards the sum of one thousand dollars," and "Said Edwards, upon *his* part, agrees to return to said Martin on the 1st day of March, 1900, said principal sum of one thousand dollars and to pay said Martin, for the use thereof, one third of the net profits of the business of the firm of said Edwards . . ; said Edwards guaranteeing that said one third of the net profits shall amount to at least the rate of 8% per annum on said $1,000," etc.　Then follows a conveyance by "said Edwards" to Martin of certain corded wood, to secure the payment of the loan, "said Edwards" warranting the title to the wood. With a single exception, there is not a word in the whole instrument which tends to indicate that it is not the individual contract of Bryan H. Edwards.　That exception is the use of the word "firm" in the clause where "said Edwards" agrees to pay, for the use of the money, "one third of the net profits of the business of the firm of said Edwards."　The use of the word "firm," in this connection and in this isolated instance, we do not think is sufficient to indicate that this is not the contract of Edwards individually, but is the contract of some undisclosed firm in which he was a partner. It would be very singular, indeed, if a written instrument of the length of the one under consideration, setting forth a contract between a lender and a borrower of money, were intended by the parties thereto to be a contract between the lender on the one side

and a partnership upon the other, and yet neither the name of the firm borrowing the money, nor the names of the partners therein, should be disclosed, and the whole undertaking on the part of the borrower should be made in the name of a single individual, without the slightest indication of the existence of a partnership, except in a single clause, the only apparent purpose of which is to fix the standard by which the rate of interest to be paid upon the loan shall be determined.    It is true that the contract is signed by "B. H. Edwards," which the plaintiff alleges was the name of a partnership, but there is nothing in this signature to indicate that it was the contract of a partnership, for "B." is the initial of "Bryan" and the mere fact that in signing he used his initials, "B. H.," instead of "Bryan H.," is a circumstance worthy of but slight consideration.    If Bryan H. Edwards borrowed the money on his own credit only, it did not become a partnership debt merely because the money may have been borrowed and used by him for partnership purposes; and being a suit upon his individual contract, the action thereon was not maintainable against a partnership of which he was a member, although he may have therein bound himself to pay to the other party to such contract a specified proportion of the net profits of the partnership during a stated period.

*Judgment reversed.    All the Justices concurring, except Little and Lewis, JJ., absent.*