## PALATINE INSURANCE COMPANY LIMITED *v.* DICKENSON.

SIMMONS, C. J. 1. Where a bill of exceptions sets forth rulings made in a case to which the "Palatine Insurance Company Limited, of Manchester, England," was a party, and exceptions thereto are taken in the name of the "Palatine Insurance Co.," the writ of error will not be dismissed as having been sued out by one not a party to the case below. The variance is not a substantial one, and, further than this, the second name evidently refers back and relates to the full corporate name first stated in the bill of exceptions.

2. A policy of fire-insurance which expressly stipulates that it shall be void "if the interest of the insured be other than unconditional and sole ownership" can not be enforced where it appears that the insured had title to only an undivided interest in the property insured, although such insured may have also had a mortgage on the remainder of the property for an amount greater than the value of the whole. *Williamson* v. *Ins. Co.*, 100 *Ga.* 791, and cases cited.

3. As the ruling made in the preceding headnote will result in a final disposition of the case, the other questions presented by the bill of exceptions will not be now determined.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*

Argued November 25,— Decided December 12, 1902.

Action on insurance policy. Before Judge Spence. Decatur superior court. May 15, 1902.

*King & Spalding* and *Townsend & Westmoreland,* for plaintiff in error. *Byron B. Bower* and *A. L. Hawes,* contra.

---

## BOWER *v.* MAYOR AND COUNCIL OF THE CITY OF BAINBRIDGE.

LITTLE, J. The value of property for the purpose of assessing municipal taxes is to be ascertained and determined by the legally constituted authorities established for that purpose in the given municipality, and not by judicial proceedings ; and an assessment made by such authorities in the prescribed mode, and without fraud or collusion, is final and conclusive upon the question of value as a basis of taxation for the time being. *City Council of Augusta* v. *Pearce,* 79 *Ga.* 98. The duty of assessing such value having been placed upon the mayor and aldermen of the City of Bainbridge by the act approved March 10, 1869 (Acts 1869, p. 172), a certiorari does not lie from their decision on such a question to the superior court. The judge of the superior court did not, therefore, err in dismissing the certiorari in the present case.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*

Argued November 25,— Decided December 12, 1902.

Certiorari. Before Judge Spence. Decatur superior court. May 19, 1902.

*Bower & Bower,* for plaintiff. *Hawes & Hawes,* for defendants.