## RHODES *v.* CITY OF LOUISVILLE.

1. The misnomer of the municipality in a petition to validate bonds under the act approved December 6, 1897 (Acts 1897, p. 82), does not vitiate the judgment of confirmation, where it appears that the officers of the municipality acknowledged service of the petition and answered the same under oath in its true corporate name, and the judgment of validation also sets forth the proper corporate name of the municipality.

2. The published notice prescribed in section six of said act is designed to give the citizens of the municipality, county, or division, information of the pending proceeding, and a substantial compliance with the statute is sufficient.

3. Where the validating proceeding, which was served on the municipality, was described in the published notice by the caption : "State of Georgia *vs.* The Town of Louisville, Jefferson County," and there is no municipality in Jefferson county having the corporate name of the Town of Louisville, but there is a municipality in that county with the corporate name of the City of Louisville, such notice is sufficient to notify the citizens of the City of Louisville of the proceeding to validate the bonds of that municipality.

Submitted December 12,— Decided December 21, 1904.

Petition for injunction.　Before Judge Daley.　Jefferson superior court.　November 24, 1904.

*G. H. Howard,* for plaintiff.　*Phillips & Phillips* and *B. T. Rawlings,* solicitor-general, for defendant.

EVANS, J.　The plaintiff in error, in behalf of himself and other taxpayers of the City of Louisville, Ga., seeks to enjoin the City of Louisville, Ga., from selling certain bonds of that municipality, authorized by an election held in that city and which were validated by the judge of the superior court of the Middle circuit. He attacks the judgment of validation on two grounds : (1) That the petition of the solicitor-general to validate the bonds was brought against the Town of Louisville, Ga., and not the City of Louisville, Ga.; and (2) that the published notice in the newspaper was of a proceeding against the Town of Louisville and not against the City of Louisville.　For these reasons it is contended

that the judgment of validation is void.   On the hearing the facts were agreed upon, and the court denied the injunction.   The exception is to the refusal of the injunction.   The judgment of validation was based on a petition of the solicitor-general of the Middle circuit, reciting that " an election was held in the City of Louisville, Georgia; that the purpose of said election was to ascertain whether or not said town would issue bonds."   The allegations as to the election, the result thereof; the amount, number, maturity of the bonds, and. the rate of interest; the service of notice of the result of the election on the solicitor-general within twenty days of declaring the result, were made with all the fullness and precision required by the act approved December 6, 1897.   (Acts 1897, p. 82).   The first paragraph of the petition declared that the City of Louisville was the county site of the County of Jefferson; the prayer of the petition was " that an order be granted requiring said I. F. Farmer, Mayor, and W. L. Phillips, L. R. Farmer, J. B. Polhill, J. C. Little, and J. F. Brown, Aldermen of the Town of Louisville, to show cause before the Judge of the Superior Court of the Middle Circuit on the 22nd day of July, 1904, why said bonds should not be validated." The judge of the superior court granted an order requiring the " defendants " to show cause before him at a named place and on a given date why the bonds should not be validated.   Service of the petition and order was acknowledged by the mayor and council of the City of Louisville.   Notice of the hearing of the petition was published in the proper gazette; the notice was a copy of the order of the judge with the caption :   " State of Georgia *vs.* The Town of Louisville, Jefferson County.   Petition to validate bonds."   The City of Louisville, by its officers, the mayor and councilmen, filed its answer under oath.   Whereupon the court passed the following order:   " Wrightsville, Ga., July 22nd, 1904.   In the matter of the validation of bonds of the City of Louisville, Ga.   The above-stated matter coming on for hearing before me this day, as provided by order previously passed upon the petition of B. T. Rawlings, solicitor-general of the Middle Judicial Circuit of Georgia, and the sworn answer of the Mayor and City Council of the City of Louisville, Ga., on this the 22nd day of July, 1904:   After duly considering said petition and answer, together with the certificate of the clerk of the superior

court of Jefferson county, that the required notice has been published duly as required by law, it·is· ordered that the bonds, as contemplated in said petition, be issued and that the issuance of said bonds is hereby confirmed and validated as prayed for."

1. Under the ruling in *Augusta So. R. Co.* v. *Tennille,* 119 *Ga.* 804, and cases therein cited, if the City of Louisville had not answered, but on the other hand had appeared to object to the proceeding because it was not brought against it in its corporate name, the court would have dismissed the petition. However, the City of Louisville answered the petition and by its answer admitted that it was the corporation about to issue the bonds described in the petition and for the validation of which the petition was brought. Notwithstanding the proceeding was against the Town of Louisville, Ga., the petition recited the election was had in the City of Louisville, Ga. The City of Louisville answered this petition and a judgment was rendered against the City of Louisville, eo nomine, confirming and validating the issuance of the bonds. If a person is sued by the wrong. name, but is served and pleads to the action, he is bound by the judgment. Even though a petition be defective for want of proper parties, yet if such parties do in fact file their answer, such defect is cured. *Mayor & Council of Brunswick* v. *Finney,* 54 *Ga.* 318. So far as the misnomer of the municipality is concerned, the appearance of the municipality and pleading in it's true corporate name cured this defect in the pleading. The City of Louisville is as effectually bound by that judgment as if the petition had been directed against it in the first instance.

2–3. The notice prescribed in the 6th section of the act of ·1897 (Acts of 1897, p. 82), is designed to give information to the citizens of the municipality, county, or political division about to issue bonds, of the pending proceeding to confirm and validate the same. Provision is made for any citizen desiring to contest the validity of the issue to become a party to the. proceeding and to sue out a writ of error to the Supreme Court from the judgment of validation. By this procedure, the legislature has declared the sound policy of determining, by judicial inquiry in advance of the sale, the validity of the bonds about to be placed on the market. The machinery employed is a proceeding in the name of the State against the municipality, county, or political division intending to

issue bonds, wherein is alleged a compliance with the constitutional requirements relative to incurring bonded indebtedness. The judgment of the superior court is against the municipality, county, or political division, confirming the issuance of the bonds as in compliance with the statutes and the constitution. As an additional safeguard against possible carelessness or collusion, the clerk is required to publish, in a gazette having general circulation in the territory affected, notice of the time of hearing the application to validate the bonds. A substantial compliance with this section of the act is all that is required. No judgment in personam is sought against the individual citizen, but he is permitted and invited to investigate the proceeding and to resist the legality of the proposed bond issue. If the notice is sufficient to put the individual citizen on notice that the municipality, county, or political division of which he is a resident is seeking to validate bonds, and the time of hearing of the proceeding, the statutory purpose has been subserved. The caption of the notice published by the clerk was of a proceeding against the "Town of Louisville, Jefferson county." Judicial notice will be taken of the corporate name of a municipality. Without proof, the courts know that the City of Louisville is a municipal corporation located in Jefferson county, and that there is no such corporation therein as the Town of Louisville. This knowledge will be imputed to every citizen of the City of Louisville. It frequently happens that the corporate name of a town or city is more elaborate and comprehensive than the name of the town or city as used in ordinary speech. Sometimes the corporate name is styled the mayor and aldermen of such a town or village, and yet outside of legal procedure the full corporate name is rarely, if ever, used. No citizen of the City of Louisville could have been misled by designating his municipality as the Town of Louisville. Only recently the election had been held; two thirds of the qualified voters had expressed their concurrence in the proposition to bond the municipality, and acts of such notoriety would at once suggest to a citizen of the City of Louisville that the published notice had reference to that municipality. It will be observed that there is a wide distinction between the necessity of alleging the correct name of the corporation as a party defendant in a legal action and the general notice to the public of a pending action against the corporation. In the

first instance, it is essential to the validity of the judgment that the defendant corporation be styled by its correct name; otherwise the judgment would not be against it. But where a notice is required to be given to the public of a pending proceeding against a corporation, the niceties of exact pleading are not demanded, and a notice sufficiently descriptive of the corporate name, so as to be easily and readily applied to the legal name of the corporation, will be deemed a substantial compliance. Accordingly, we hold that the published notice was a substantial compliance with the validating act of 1897.

*Judgment affirmed. All the Justices concur.*