693. ORR STATIONERY COMPANY *v.* DR. BELL & LEE DRUG COMPANY.

All misnomers in pleadings being amendable instanter, a suit by the Orr "Shoe" Company against the Dr. Bell & Lee "Shoe" Company, on an account made a part of the petition and which shows that the real plaintiff was the Orr "Stationery" Company, and the real defendant the Dr. Bell & Lee "Drug" Company, is amendable by striking the word "Shoe" from the petition and inserting in lieu thereof the words "Stationery" and "Drug," as descriptive of the parties.

Complaint, from city court of Sylvester—Judge Park. July 22, 1907.

Submitted November 26, 1907.—Decided September 28, 1908.

A suit on an account was brought, in which the petition described the plaintiff as Orr "Shoe" Company, and, in one paragraph, described the defendant as Dr. Bell & Lee "Shoe" Company, a firm composed of P. E. Bell and E. E. Lee, though in other paragraphs of the petition the defendant was described as Dr. Bell & Lee "Drug" Company, composed of the same persons. As a part of the petition, the account which was the subject-matter of the suit was stated to be the indebtedness of Dr. Bell & Lee

"Drug" Company to the Orr "Stationery" Company. The account was itemized, showing articles of stationery sold by the Orr Stationery Company of Atlanta to Dr. Bell & Lee Drug Company of Sylvester, and this bill of particulars was sworn to by Chas. H. Orr "of the firm of Orr Stationery Company." Process ran against the Dr. Bell & Lee Drug Company, and the partners thereof, and service was made accordingly. The petition, considered as a whole, left no room to doubt that the use of the word "Shoe" in the petition, descriptive of plaintiff and of defendant, was a palpable misnomer or clerical mistake. When the case was called, the plaintiff offered an amendment "striking from the second line of the introductory of the petition" the word "Shoe," and inserting in lieu thereof the word "Stationery," so that the misnomer in stating the name of the plaintiff should be corrected by changing the name "Orr Shoe Company" to that of "Orr Stationery Company," and also striking from the petition the word "Shoe," and inserting in lieu thereof the word "Drug," so as to correct the misnomer in stating the name of defendant firm, by changing the name from "Dr. Bell & Lee Shoe Company," to that of "Dr. Bell & Lee Drug Company." In support of the amendment, the affidavit of the attorney who prepared the petition was introduced without objection, reciting that the use of the word "Shoe," descriptive of the plaintiff and of the defendant, was an inadvertent misnomer, and that the amendment gave the correct names of both plaintiff and defendant, and that they were the names intended to be used by the attorney in drawing the petition, and that the amendment was for the purpose of correcting the misnomer and giving the correct names of both plaintiff and defendant, as was intended by the original petition, and was not a scheme to substitute new parties. This amendment was objected to by the defendant, and the court sustained the objection, and on demurrer dismissed the petition. The exception to this ruling constitutes the only material assignment of error.

*Polhill & Foy,* for plaintiff.

*Payton & Hay,* for defendant.

HILL, C. J. (After stating the foregoing facts.)

The judgment of the court refusing to allow the amendment to the petition was erroneous. The suit was on an account which was a part of the petition, and this account clearly established

the fact that the real plaintiff, and the intended plaintiff, was not the Orr "Shoe" Company, but the Orr "Stationery" Company, and that the real and intended defendant was not the Dr. Bell & Lee "Shoe" Company, but was the Dr. Bell & Lee "Drug" Company. The use of the word "shoe," therefore, in the introductory part of the petition was a manifest misnomer,—the unintentional adding of a wrong word as a part of the names of both plaintiff and defendant, and is equivalent to giving a wrong initial or Christian name in pleading. This misnomer could have been properly corrected instanter, on motion of the plaintiff. The authority for this ruling is to be found in the Civil Code, § 5102, which, in harmony with the practical purpose of legal investigation, sweeps away all such technical quibbles in pleadings by declaring, that "*all misnomers,* whether in the Christian name or surname, made in writs, petitions, bills or other judicial proceedings on the civil side of the court, shall, on motion, be amended and corrected instanter, without working unnecessary delay to the party making the same." The misnomer in the present case, when considered in connection with the bill of particulars, was slight, and could not possibly have been misleading. Its correction by the plaintiff could certainly do no harm to the defendant. The defendant knew who the real creditor was, if any, and it was unnecessary and unjust that the real creditor should have been delayed in the collection of his debt by a misnomer which was patent to the debtor. It will be noted that the section of the code, supra, does not provide a remedy only for the instantaneous correction of slight misnomers in pleading, but declares that "all misnomers" in civil pleading are amendable; and in the case of *Murphy* v. *Peabody,* 63 *Ga.* 524, Justice Bleckley states that no case of misnomer is "too desperate to be healed." "Certainly it is a wide miss to write George Foster when the draftsman means Charles J., but such a blunder is only a misnomer, and the remedy is easy and instantaneous. The rule of amendment is as broad as the doctrine of universal salvation." This liberal, practical, and common-sense enunciation of the great jurist has been uniformly followed by the Supreme Court, and all such frivolous tactics of obstruction consigned to well-merited desuetude. *Carey* v. *Cranston,* 99 *Ga.* 77 (24 S. E. 869) ; *Maddox* v. *Central Ry. Co.,* 110 *Ga.* 301 (34 S. E.

1036); *Jarrett* v. *City Electric Ry. Co.*, 120 *Ga.* 472 (47 S. E. 927).

The foregoing ruling makes it unnecessary to pass upon any of the other assignments of error, or upon the motion to dismiss the writ of error, as all the other assignments and the motion to dismiss are based upon the assumed correctness of the judgment refusing to allow the amendment in question.

*Judgment reversed.*