14315.   HILL *v.* WALLACE.

BELL, J.   This was an action to .recover the value of personalty alleged to have been sold on account to the defendants H. and S. as partners. H., the only defendant answering, denied the plaintiff's material allegations, and specifically pleaded the nonexistence of the partnership. Two issues were raised by the evidence, involving independent defenses: (1) whether

the defendants were partners as alleged; (2) whether, even if the partnership existed, the property was not in fact sold to and purchased by S. upon his individual account. A verdict was returned against the defendants as partners, and H. excepted to the overruling of his motion for a new trial. The court charged the jury as follows: "It is a question of fact for you to determine whether or not Smith and Hill were in partnership at the time of the purchase of the cattle in question. If they were, and either of the partners bought the cattle in question, then both would be liable therefor;" and also: "So, you see, the main question for you to decide in this case, and about the only question, or controlling question, is whether or not, at the time of the alleged purchase, there was a partnership existing between Hill and Smith. If there was, Hill would be liable equally with Smith. On the other hand, if there was not a partnership existing, but Smith bought the cattle in question on his own account, then Hill would not be liable for the purchase price of the cattle." In the motion for a new trial these charges and the admission of certain evidence referred to below are alleged to be error. *Held:*

1. Each of the charges was subject to the assignment that it authorized a recovery against the defendants as partners, merely upon proof of the partnership, irrespective of whether the sale was solely to S. upon his individual account, thus excluding one of the defenses of H. In view of the pleadings and the evidence, the charges were prejudicial and require a new trial. *Jewell-Loudermilk Co.* v. *Palmour Hardware Co.,* 29 *Ga. App.* 772 (116 S. E. 557 (4)); *Floyd* v. *Wallace,* 31 *Ga.* 688 (5). This ruling is not in conflict with the decision of the Supreme Court in *Hutchinson Shoe Co.* v. *Elko Mercantile Co.,* 143 *Ga.* 170 (84 S. E. 453), in which the only issue upon the trial material to a consideration of the assignment of error upon the charge was whether two of the persons sued as such were members of the partnership.

2. "Following the ruling in *Fleming* v. *Roberts,* 114 *Ga.* 634 (3), it is not error to refuse to rule out evidence tending to support the allegations of a petition, irrespectively of the question whether the petition is good in substance or not, or whether the evidence when admitted establishes a right to recover." *Kelly* v. *Strouse,* 116 *Ga.* 872 (2) (43 S. E. 280). The decision in the former case is criticised in the latter, but not overruled, and continues to be the law. It appears by the petition in the instant case that the plaintiff and another were owners of the property at the time of the sale. It is alleged, however, that the plaintiff settled with the other owner for his share or interest in the property, and that the latter "has assigned in writing all his interest in the same to petitioner, . . and has now no further interest" in the property or "the proceeds, as will appear by a written assignment, a copy of which is . . attached" to the petition, marked exhibit "A". When the document copied as the exhibit was offered in evidence the defendant objected to its admission upon the ground that it did not identify and assign any particular claim of indebtedness or account. Irrespective of whether such objection should ordinarily have been sustained, the evidence tended to support the allegations of the petition, and the objections were properly overruled. If this ruling is in conflict with anything held in *Tolar* v. *Funderburke,* 21 *Ga. App.* 436 (94 S. E. 592), or in

*Gamble* v. *Shingler*, 22 *Ga. App.* 608 (4) (96 S. E. 705), the decisions of the Supreme Court cited above are controlling and must be followed. "Testimony is admissible which tends to prove a fact alleged in the petition, irrespective of the question whether, when admitted, it tends to establish a right to recover or not." *Tifton &c. Ry. Co.* v. *Butler*, 4 *Ga. App.* 191 (4) (60 S. E. 1087).

(*a*) If the plaintiff in error shall desire upon another trial to question the right of the plaintiff to maintain the action, on the ground of an insufficient assignment of the account, it should be done by a different mode of procedure, in which event the plaintiff may wish to amend by substituting in his stead the names of the persons who owned the property at the time of the sale, suing for his use (Civil Code of 1910, § 5689); but as to the rights of each of the parties in regard to these matters no question is presented for decision at this time.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 11, 1923.

Complaint; from Banks superior court—Judge W. L. Hodges. January 20, 1923.

*S. R. Jolley, A. J. Griffin, H. H. Perry,* for plaintiff in error.
*J. W. Arnold, W. W. Stark, G. P. Martin,* contra.