### 16660. POPE *v.* JENNINGS *et al.*

The petition and the exhibit thereto show that the rent contract sued on was an individual undertaking of L. O. Fortson, and the court properly dismissed the petition as to the partnership and A. H. Jennings.

DECIDED NOVEMBER 10, 1925.

Complaint; from Bibb superior court—Judge Malcolm D. Jones. June 26, 1925.

Application for certiorari was denied by the Supreme Court.

*W. A. Slaton, Wallace Miller,* for plaintiff.

*A. H. S. Weaver, Hall, Grice & Bloch,* for defendants.

LUKE, J.    M. P. Pope brought suit against A. H. Jennings and L. O. Fortson "as a partnership formerly doing business under the partnership name of L. O. Fortson," and prayed judgment against the partnership and the said individual members thereof. The petition alleges, that the partnership was formed about the 15th of August, 1919, and that "the said partnership, on or about the 4th day of June, 1920, entered into a written contract with petitioner for the erection and equipment of a building" in which to conduct the partnership business, and "under the terms of said contract the said partnership agreed with your petitioner to rent said building when completed and ready for occupancy;" and that the partnership and the individual members thereof are now indebted to petitioner for rent of said building, for which judgment is asked. The rent contract is attached to the petition as an exhibit. In an amendment to the petition the plaintiff alleges, "that at the time the contract referred to in the preceding paragraph was entered into and executed between petitioner and the defendant partnership, petitioner had no knowledge of the existence of said partnership of A. H. Jennings and L. O. Fortson, doing business as L. O. Fortson, nor of the fact that A. H. Jennings was a member of said partnership." Upon the allowance of this amendment Jennings moved to dismiss the petition as to the partnership and as to Jennings individually. The court granted the motion, stating in the order "that no cause of action is set forth against said partnership or against said defendant A. H. Jennings." To this order and judgment the plaintiff excepted.

The rent contract is signed by "L. O. Fortson (L. S.)." No reference is made either in the signature to the contract or in the contents of the contract to any partnership or to the defendant Jennings. On the contrary, the contract specifically states that it is made "by and between M. P. Pope of said State and county, party of the first part, and L. O. Fortson, of said State and county, party of the second part;" and all reference to the party of the second part in the contract is with the personal pronouns "he,"

"him," "his," and "himself." Moreover, the petition shows that such sum as was paid on the rent of the building was paid "by the said L. O. Fortson individually." The petition and the exhibit show that the rent contract sued on was an individual undertaking of L. O. Fortson, and the court properly dismissed the petition as to the partnership and A. H. Jennings.

"If a contract be made with one in his individual right, and on his own security, such person is alone liable on that contract, although a partnership existed that [received] the entire benefit of the contract of which such contracting party was a member." *Floyd* v. *Wallace, 31 Ga.* 688 (5). Properly characterized, the action in the present case was founded upon the contract, a copy of which was attached to the petition; and the contract, rightly construed, was that of a member of the alleged partnership, and not of the partnership itself. "An action is not maintainable against a partnership upon the individual contract of a member thereof, although he therein binds himself to pay to the other party to such contract a specified proportion of the net profits of the partnership during a stated period." *Wood* v. *Martin, 115 Ga.* 147 (41 S. E. 490). The case last cited is identical in principle with the one under consideration. In that case Martin sued Wood and Edwards, alleging that they did business as a partnership under the name and style of B. H. Edwards. Wood demurred to the petition, on the ground that it set forth no cause of action against him, but showed on its face that it was a suit against Edwards on his individual contract; and on appeal the Supreme Court so held. The contract was signed by "B. H. Edwards (L. S.)," and it began by reciting that the contract was made between Martin and Edwards. All reference in the body of the contract was to Edwards individually, except one reference to "the business of the firm of said Edwards;" and in regard to this reference the court said: "The use of the word 'firm,' in this connection and in this isolated instance, we do not think is sufficient to indicate that this is not the contract of Edwards individually, but is the contract of some undisclosed firm in which he was a partner. It would be very singular, indeed, if a written instrument of the length of the one under consideration, setting forth a contract between a lender and a borrower of money, were intended by the parties thereto to be a contract between the lender on the one side

and a partnership upon the other, and yet neither the name of the firm borrowing the money, nor the names of the partners therein, should be disclosed, and the whole undertaking on the part of the borrower should be made in the name of a single individual, without the slightest indication of the existence of a partnership, except in a single clause, the only apparent purpose of which is to fix the standard by which the rate of interest to be paid upon the loan shall be determined. It is true that the contract was signed by 'B. H. Edwards,' which the plaintiff alleges was the name of a partnership, but there is nothing in this signature to indicate that it was the contract of a partnership. . . If Bryan H. Edwards borrowed the money on his own credit only, it did not become a partnership debt merely because the money may have been borrowed and used by him for partnership purposes; and being a suit upon his individual contract, the action thereon was not maintainable against a partnership of which he was a member, although he may have therein bound himself to pay to the other party to such contract a specified proportion of the net profits of the partnership during a stated period." If that contract, containing a reference to a "firm," was held to be an individual contract of Edwards, then, a fortiori, the contract under consideration, which contains no reference or intimation as to a firm, is an individual contract. Moreover, the petition alleges that the contract was made with a partnership, whereas the amendment to the petition alleges that the plaintiff did not know that a partnership existed at the time he made the contract; and the rent contract attached as an exhibit to the petition shows that it was not with a partnership, but with an individual; thereby tending to support the allegations of the amendment rather than the petition. This being true, the petition would be construed most strongly against the pleader.

The record does not show that Fortson signed the rent contract as agent for any one; but even if this were true, an undisclosed principal would not be liable, since the contract was under seal. *Lenney* v. *Finley,* 118 *Ga.* 718 (45 S. E. 593).

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*