### 18149, 18178.  TAYLOR *v.* SWIFT & COMPANY *et al.*

Where an alleged partnership ·is sued on an open account, and in the answer each of the alleged partners denies the allegations of indebtedness and pleads no partnership, the burden is upon the plaintiff to prove both a partnership and a partnership debt; and where no partnership debt is proved, a verdict against the partnership is without evidence to support it.

DECIDED JULY 14, 1927.

Complaint; from city court of Thomasville—Judge MacIntyre. April 16, 1927.

*C. E. Hay, Eldon L. Joiner, James B. Burch,* for plaintiffs in error.

*Titus & Dekle,* contra.

LUKE, J.  Swift & Company sued "W. J. Taylor & R. S. Taylor, a partnership," on a fertilizer account for $640.10.  Each defendant denied indebtedness in any manner whatever, and pleaded no partnership and the statute of frauds.  The jury found "a verdict for plaintiff as sued for against W. J. Taylor and R. S. Taylor, a partnership," for the full amount claimed.  Each defendant filed his motion for a new trial upon both the general

Partnership, 30 Cyc. p. 403, n. 51; p. 535, n. 48; p. 587, n. 93; p. 591, n. 21.

and special grounds. The court overruled each of said motions, and the defendants excepted separately to his judgment so doing.

Where a suit is brought on an open account for advertising done under a contract made by an alleged partnership, and one of the members denies the allegations of indebtedness and pleads no partnership, this places upon the plaintiff the burden of proving both the debt and the partnership. See *American Cotton College* v. *Atlanta Newspaper Union,* 138 *Ga.* 147 (3) (74 S. E. 1084). In view of the fact that "An action is not maintainable against a partnership upon the individual contract of a member thereof" (*Citizens Nat. Bank* v. *Jennings,* 35 *Ga. App.* 553 (1-b), 134 S. E. 414; *Floyd* v. *Wallace,* 31 *Ga.* 688 (5); *Wood* v. *Martin,* 115 *Ga.* 147 (2), 41 S. E. 490; *Hill* v. *Wallace,* 31 *Ga. App.* 72, 119 S. E. 468; *Pope* v. *Jennings,* 34 *Ga. App.* 498, 130 S. E. 348), and in view of the further fact that certainly there could be no recovery if the obligation declared upon proved to be that of a third person, we must conclude that the decision in 138 *Ga.,* supra, means that the burden of proving a *partnership* debt rests upon the plaintiff in a case like the one at bar.

It appears from the evidence of R. S. Taylor, sworn as a witness for the plaintiff, that he and W. J. Taylor were engaged in a farming enterprise for which W. J. Taylor was to furnish individually, as a part of his contribution to the business, all the fertilizers used therein; that, acting as W. J. Taylor's agent and under his specific instructions, he bought said fertilizers for W. J. Taylor, and so advised H. M. Groover, who took the order and consigned the fertilizers to the witness. H. M. Groover, sworn for the plaintiff, testified that R. S. Taylor asked him the price of fertilizers, saying at the time that he wanted to see W. J. Taylor before buying; that R. S. Taylor returned in five days and ordered the fertilizer on a cash basis; that no charge was made for the goods at that time against anybody; that he billed the fertilizer to R. S. Taylor "down Kirby's road," and delivered it to the Georgia Northern Railway Company for shipment in the usual course of transportation. We quote from the testimony of this witness as follows: "Spangler (R. S.) Taylor bought it (the fertilizer) for some one else, not for himself. I did not know him in it, except to deliver it to him. . . Spangler Taylor never bought any fertilizer from me or asked to buy any from me for himself individually. It

was not my intention to ship any to him for his own account." W. J. Taylor, sworn as a witness for himself, testified that he had no interest in any farming enterprise with R. S. Taylor, and that he had never at any time been his partner; that he did not purchase said fertilizer himself, and did not authorize R. S. Taylor or any one else to do so for him, and that he neither received nor used it.

If R. S. Taylor's version of the transaction is correct, the debt declared upon was the individual obligation of one of the partners, and there could be no recovery against the partnership, even though, as testified by R. S. Taylor, he used the fertilizer in question in said farming operations. See decisions cited above. If W. J. Taylor's version is correct, there was no partnership and no indebtedness whatever on his part. It certainly does not appear from Groover's testimony that the fertilizer was sold to the alleged partnership.

In short, our conclusion is that the plaintiff failed to carry the burden resting upon it of showing that the debt declared upon was a partnership obligation, that the verdict was without evidence to support it, and that the court erred in overruling the general grounds of the motion for new trial filed by each of the defendants. *Judgments reversed. Broyles, C. J., and Bloodworth, J., concur.*