### 44582. ROBINSON v. REWARD CERAMIC COLOR MANUFACTURING, INC.

EBERHARDT, Judge. Reward Ceramic Color Mfg., Inc. brought suit on open account against Mrs. Jacqueline Adams Robinson, a/k/a Mrs. Jacqueline R. Adams, a/k/a Mrs. R. E. Adams, individually and trading and doing business as Jacqueline Lea Studio. Upon trial before the judge without a jury Reward secured a judgment in the amount sued for, and defendant appeals from the judgment and the order overruling her motion for new trial as amended. *Held:*

1. Defendant filed a motion to dismiss the complaint and to strike Exhibit A and each and every invoice, statement, or document thereof on the grounds that the invoices and statements show upon their faces that they are obligations of Jacqueline Lea Studio, Inc., a corporation, and not of defendant individually or doing business as a proprietorship. Similar oral motions were made at the trial. These motions are without merit. While it is pointed out that three of the invoices were billed to Jacqueline Lea Studio, Inc., the majority are billed to Jacqueline Lea Studio, the proprietorship. Attached to the petition is an application for a Reward distributorship showing the business name as Jacqueline Lea Studio, 1370 Lawrenceville Highway, Decatur, Georgia, and the owner's name is stated as Mrs. Jacqueline R. Adams (R. E.) The application is signed by Jacqueline R. Adams (Mrs. R. E.) and among the credit references are bank accounts in the names of Jacqueline Lea Studio and Mrs. R. E. Adams. While the invoices billed to the corporation may have been subject to motion (see *Gilham v. Stamm & Co.,* 117 Ga. App. 846 (162 SE2d 248)), the remainder billed to the proprietorship obviously were not, and the wholesale or en bloc attack made by the motions must fail. It is a truism by now that under the CPA a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to *no* relief under any state of facts which could be proved in support of

the claim. And citation of authority is also unnecessary for the proposition that a wholesale objection attacking as a group several paragraphs or exhibits of a complaint is insufficient if any of the paragraphs or exhibits are not subject to the criticism made. The motion to strike and ground 2 of the motion to dismiss were properly overruled, and enumerations of error 2, 11 and 41 are without merit.

2. The motion to dismiss contained the further ground that "the complaint does not show that plaintiff is a legal entity with any standing to sue."

The complaint was brought in the form prescribed in *Code Ann.* § 81A-304. Plaintiff is shown in the caption as Reward Color *Mfg.*, Inc., whereas the invoices attached as exhibits show the creditor to be Reward Color *Mfrs.*, Inc. It is contended that the plaintiff as shown in the caption was not the real party at interest and thus, under *Code Ann.* § 81A-117(a) was not entitled to proceed with the action. This contention is not meritorious.

It is obvious that this variance in the name is no more than a clerical error or a misnomer which, under *Code* § 81-1206, might have been corrected instanter. The variance is not substantial, and since it does not appear from the evidence or otherwise that the names are of two separate corporations, denial of the motion did not result in reversible error. See *Orr Stationery Co. v. Dr. Bell & Lee Drug Co.*, 4 Ga. App. 702 (62 SE 471); *Atlantic C. L. R. Co. v. Cook*, 6 Ga. App. 128 (64 SE 665); *Henderson v. Hackney*, 23 Ga. 383 (68 AD 529); *Thompson v. Hall & Long*, 67 Ga. 627; *Ansley v. Green*, 82 Ga. 181 (3) (7 SE 921); *Chattanooga, Rome &c. R. Co. v. Jackson*, 86 Ga. 676 (1) (13 SE 109); *Hicks v. Ivey*, 99 Ga. 648 (26 SE 68); *Palatine Ins. Co. v. Dickerson*, 116 Ga. 794 (43 SE 52); *Rhodes v. City of Louisville*, 121 Ga. 551 (49 SE 681); *Parramore v. Alexander*, 132 Ga. 642 (2) (64 SE 660); *Ramsey v. Mingledorff*, 181 Ga. 803 (184 SE 322). "Judicial notice will be taken of the ordinary and commonly used abbreviations and equivalents of Christian names" (*Goodell v. Hall*, 112 Ga. 435, 436 (37 SE 725)), and "[t]he term 'Christian name,' is used in the sense of given name, and includes the name given to a corporation . . ." *Johnson v. Central R.*, 74 Ga. 397; *Love v. Commercial Credit Co.*, 64 Ga. App. 18 (12 SE2d 99).

The misnomer of a corporation as a party in pleadings has the

same effect as does the misnomer of an individual. The court could thus take notice that the abbreviations "Mfg." and "Mfrs." as used here referred to one and the same corporation. "What was involved was, at most, a mere misnomer that injured no one, and there is no reason why it should not have been corrected by amendment." United States v. A. H. Fischer Lumber Co., 162 F2d 872, 874.

Facility of amendment in this respect under the CPA, *Code Ann.* § 81A-104(h) is no less than under *Code* § 81-1206. And since it was an insubstantial but amendable defect which could not injure the defendant, the matter was cured by the verdict and judgment. "The misnomer in the present case, when considered in connection with the bill of particulars, was slight, and could not possibly have been misleading . . . The defendant knew who the real creditor was, if any, and it was unnecessary and unjust that the real creditor should have been delayed in the collection of his debt by a misnomer which was patent to the debtor." *Orr Stationery Co. v. Dr. Bell & Lee Drug Co.*, 4 Ga. App. 702, 704, supra.

Prior to the adoption of the CPA this matter was properly raised by a plea in abatement, or possibly by special demurrer, but these have been abolished by § 81A-107, and a motion to dismiss is now the proper vehicle for raising the issue. United States v. A. H. Fischer Lumber Co., 162 F2d 872 (5), supra. Any error in not requiring plaintiff to amend and correct the defect before overruling the motion to dismiss was harmless here.

3. There was no error in overruling defendant's motion for a more definite statement. Attached to the complaint as exhibits were various statements, invoices, etc., showing materials ordered and the status of the account, and we cannot say that the complaint with its exhibits was so vague or ambiguous that defendant could not reasonably be required to frame a proper responsive pleading. CPA § 12(e) (*Code Ann.* § 81A-112(e)). Enumeration of error 3 is without merit.

4. In support of the enumerations attacking the overruling of the motion for directed verdict, the judgment on the verdict, and the overruling of the motion for new trial on the general grounds, it is argued that the evidence shows that none of the obligations sued upon were incurred by Mrs. Adams (Robinson) but were corporate debts. However, there is ample evidence that Mrs. Adams started the business in 1963

under the name of Jacqueline Lea Studio, Mrs. Adams financing the undertaking and her daughter Marylea doing the work. Mrs. Adams was desirous of obtaining a Reward distributorship and made application for it as indicated in Division 1, supra, and, upon the strength of the application, including her credit references, and her payment to Reward of $1,000, the distributorship for Reward's products was granted to her. Plaintiff relied upon Mrs. Adams' credit and looked to her for payment for materials ordered. In February, 1964, Biemann Martin, Marylea's husband, joined the business, and in July, 1964, the business was incorporated with Mrs. Adams as president, Biemann as vice president, and Marylea as secretary-treasurer. No new application was made or distributorship granted in the corporate name, and business relations between the parties were good from 1963 until the summer or fall of 1966. At this time the account was badly in arrears, and on October 28, 1966, plaintiff learned of the incorporation and cut off defendant's credit. At this point Marylea and Biemann took over the business, informed plaintiff that they would be responsible for future debts, and began running the business, ordering materials from plaintiff on a cash basis. While prior to the cut-off date some orders were shipped in the name of Jacqueline Lea Studio, Inc., in response to orders imprinted with that name by a rubber stamp apparently used interchangeably with one reading Jacqueline Lea Studio, and shipments and payments were made under variations of the name Jacqueline Lea Studio, there was never any written or oral agreement that the corporation would be substituted for Mrs. Adams on the obligations, and plaintiff continued to look to her for payment. Thus the trial judge was authorized to find that Mrs. Adams continued to be liable on the account until October 28, 1966, when the new arrangements were made. While it is contended that $1,710.96 was paid on the indebtedness which was not credited to the balance due, this was incurred and paid on the new account of Marylea and Biemann after October 28, 1966. Enumerations of error 4, 7, 8, 9 and 42 are without merit.

5. Enumeration of error number 5 complains of the awarding of interest on the ground that the record shows lack of demand for payment. However, the record reveals a written demand dated December 5, 1966, addressed to Jacqueline

Lea Studio at its place of business. Enumeration of error number 5 is without merit.

6. It is urged in support of enumerations 14, 15, 17, 19-25 that the lower court erred in allowing Mrs. Higgs, president of plaintiff corporation, to testify regarding records which were not personally kept by her, and her testimony was thus hearsay. However, Mrs. Higgs testified that the exhibits were made, kept and maintained in the regular course of business under her supervision, direction, and control. Nor was her testimony subject to "best evidence" objections, since she used the records to refresh her memory and the records were admitted into evidence. *Code Ann.* §§ 38-711, 38-1707; *Ferguson v. Atlanta Newspapers,* 93 Ga. App. 622 (4) (92 SE2d 321); Green, Georgia Law of Evidence, § 130. These enumerations are without merit.

7. Mrs. Higgs testified that Mrs. Adams had never denied owing the amount sued for, and objection was made on the ground that there had been no demand made for payment. However, in addition to the written demand previously referred to, there is evidence of conversations where Mrs. Adams admitted that she was behind in her payments. Enumeration number 26 is without merit.

8. Enumerations of error 27, 28, 30-40, complaining of rulings on the evidence, fail to show reversible error. And see *Bailey v. Holmes,* 163 Ga. 272, 275 (136 SE 60); *Lewis v. American Road Ins. Co.,* 119 Ga. App. 507 (167 SE2d 729).

9. Other enumerations of error, not being supported by argument or citations of authority, are deemed abandoned. *Howard v. State Hwy. Dept.,* 117 Ga. App. 280, 283 (160 SE2d 204); *Abrams v. State,* 223 Ga. 216 (6) (154 SE2d 443).

10. Enumeration of error 6, complaining of the order overruling the motion for new trial as amended, is without merit.

*Judgment affirmed. Bell, P. J., and Deen, J., concur.*

SUBMITTED JULY 8, 1969—DECIDED SEPTEMBER 2, 1969— REHEARING DENIED SEPTEMBER 24, 1969—

*George P. Dillard, G. Douglas Dillard,* for appellant.

*Murphy, McFarland & Turoff, Martin McFarland,* for appellee.

ON MOTION FOR REHEARING.

1. It is urged that the business operated under the name of

Jacqueline Lea Studio was not a proprietorship of Mrs. Adams but was a partnership composed of Mrs. Adams and her daughter, Marylea. It is pointed out that in answer to some of the questions on the application for the Reward distributorship Mrs. Adams answered in the plural or editorial "we" rather than the singular "I." For example, under "Remarks," Mrs. Adams stated: "We moved into our studio July 1st, formal opening September 1st. We already have a full teaching schedule which includes many teachers in the area. Although much of our business has been strictly retail we feel confident of doing a good wholesale business because of our location and also our desire to serve teachers and small studios in this area." In answer to a question, "Do you ever travel on selling trips?" Mrs. Adams answered, "No, but we plan to do so." In answer to another question Mrs. Adams stated that she had a teaching program with 7-10 teachers.

We are unable to hold as a matter of law that the "we" answers show a partnership between Mrs. Adams and Marylea. "We" could refer to the teachers, salesmen, etc., as well as to Mrs. Adams and Marylea as a partnership. Marylea's name does not appear on the application. The business name is stated as "Jacqueline Lea Studio"; the owner's name is stated as "Mrs. Jacqueline R. Adams (R. E.)"; the application is signed by "Jacqueline R. Adams (Mrs. R. E.)." Thus we cannot hold as a matter of law that the debt was that of a partnership. *Wood v. Martin,* 115 Ga. 147 (41 SE 490) ; *Pope v. Jennings,* 34 Ga. App. 496 (130 SE 348).

Even if there were a partnership, however, this fact does not preclude recovery against Mrs. Adams. Credit was advanced upon the strength of her application and her credit references, not those of a partnership. "The rule on this subject, as well settled, is this: if a credit is given to one member of a firm on his own security only, it does not become a partnership debt, although the partnership received the full benefit of the transaction." *Floyd v. Wallace,* 31 Ga. 688, 693. Accord: *Hill v. Wallace,* 31 Ga. App. 72 (119 SE 468) ; *Pope v. Jennings,* 34 Ga. App. 496, supra; *Wood v. Martin,* 115 Ga. 147, supra; *Citizens Nat. Bank v. Jennings,* 35 Ga. App. 553 (134 SE 114) ;

*Taylor v. Swift & Co.*, 37 Ga. App. 108 (139 SE 121); *West Lumber Co. v. Candler*, 46 Ga. App. 408, 412 (167 SE 766).

2. The evidence is confusing and inconclusive as to whether plaintiff ever ceased dealing with defendant as an individual and began to deal with the corporation prior to October 28, 1966, when the new arrangements were made. All we hold in Division 4 is that there was some evidence to support a finding that Mrs. Adams continued to be liable on the account until that date, and that a finding is not demanded as a matter of law that the debts were corporate debts.

3. The written demand for payment of December 5, 1966, was a sufficient demand upon the defendant for payment. The special delivery letter was addressed to the business name and address given in the application for distributorship, and from which orders had been received and to which merchandise had been shipped.

4. It is complained that there was not sufficient evidence to show that the records which were admitted into evidence, and which the president of plaintiff corporation used to refresh her memory, were kept under her supervision, direction or control. However, the witness repeatedly testified as to these matters. For example, "Q. And I'll ask you whether or not P-21 is kept in the usual and ordinary course of the business between the plaintiff and the defendant? A. Yes, sir. Q. I'll ask you under whose supervision, direction, maintenance, and control P-21 is kept? A. Mine." "Now in regard to each of these exhibits number three through twenty, inclusive, I would like to ask you are each of these kept and maintained and made in the regular course of business of the plaintiff, Reward Ceramic Color Manufacturers, Inc.? A. Yes, sir. Q. I'll ask you under whose supervision, direction, and control each of these exhibits number P-3 through P-20, inclusive, are kept? A. Mine. Q. And by whom are they maintained? A. Well, they are maintained by me."

*Judgment adhered to and motion for rehearing denied.*